## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

LEE M. JOHNSON,

     Plaintiff,

v.                                   Case No.  4:22-cv-306-MW-MJF

SGT. PERRY, *et al.*,

     Defendants.

_____/

## ORDER

Plaintiff Lee Johnson, a Florida prisoner proceeding *pro se,* claims that Defendant Cruz Cox, LPN, was deliberately indifferent to his serious medical need arising from a sexual assault by another inmate. Doc. 1. Johnson has filed a motion to compel discovery from Cox. Doc. 89. Cox opposes the motion. Doc. 91. Johnson's motion to compel will be denied.

### I. JOHNSON'S MOTION TO COMPEL

### A.   Request to Compel Answer to Interrogatory No. 16

Johnson seeks to compel Cox to respond to one interrogatory: Interrogatory No. 16. Doc. 89 ¶ 5 & Ex. A. Cox initially objected to

Interrogatory No. 16, but has withdrawn his objection and answered the interrogatory. Doc. 89, Ex. A; Doc. 91 ¶ 5.

## B. Request to Compel Production of Grievances/Complaints Filed by Others Against Cox

Johnson seeks to compel Cox to produce all complaints or grievances that have ever been filed against Cox. Doc. 89 ¶ 7; *see also* Doc. 89, Ex. B, Pl.'s Req. for Produc. Nos. 1, 2, 3, 5, 6, 9, 10.

In response, Cox provided Johnson with copies of grievances in Cox's possession, which were grievances Johnson had filed against Cox. *See* Doc. 91 ¶ 6; *see also* Doc. 89, Ex. B, Cox's Resp. to Pl.'s Req. for Produc. No. 1. Cox had obtained those grievances by subpoenaing the records custodian for the Florida Department of Corrections ("FDC"). Doc. 91 ¶ 7.

As to grievances and complaints filed by others, Cox asserts that (1) he is not in possession of any other grievances or complaints; (2) he is not the custodian of such records; (3) other inmate's medical grievances are subject to HIPAA protection; and (4) due to the manner in which the FDC compiles and stores records (which is inmate-specific, not medical provider-specific), it would be unduly burdensome, if not impossible, to

obtain a list of grievances and complaints filed against Cox by other inmates. Doc. 91 ¶¶ 6, 7; *see also* Doc. 89, Ex. B, Cox's Resp. to Pl.'s Req. for Produc. Nos.1, 2, 3, 5, 6, 9, 10.

**C.**   **Request to Compel Production of Documents Describing Procedures for Treating Inmates Who Complain of Being Raped or of Bleeding from the Anus**

Johnson seeks to compel Cox to produce any documents that describe the "proper" procedures for treating an inmate's complaint that he has been raped or is bleeding from his anus. Doc. 89 at 5 ¶ 8; se*e also* Doc. 89, Ex. B, Pl.'s Req. for Produc. Nos. 11, 12, 13, 14, 15.

In response, Cox asserts that he no longer is employed by Centurion or at any FDC facility and is not in possession, custody, or control of any items responsive to these production requests. *See* Doc. 91 ¶¶ 8, 9.

## II.   DISCUSSION

**A.**   **Johnson's Failure to Comply with Rule 37 and the Undersigned's Orders Governing Motions to Compel**

Rule 37 of the Federal Rules of Civil Procedure requires every motion to compel to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court

action." Fed. R. Civ. P. 37(a)(1). Johnson was aware of his duty to confer, because the undersigned notified him of that duty. *See* Doc. 80 ¶ 6; Doc. 85 ¶ 2.

Johnson admits that he did not confer with Cox's counsel prior to filing his motion to compel. Doc. 89 ¶ 4. Johnson explains that (1) he did not have time to write counsel because he received Cox's responses on May 17, 2024, and was required to file a motion to compel by May 28, 2024; and (2) conferring with counsel was futile given counsel's history of not responding to Johnson's letters. Doc. 89 ¶¶ 2, 4.

Johnson's excuses for failing to confer lack merit. Johnson had time to write Cox's counsel, just as he had time to file his motion to compel a mere three days after receiving Cox's responses. Writing a letter would have demonstrated at least a good-faith *attempt* to confer. Johnson still could have filed a motion to compel by May 28, 2024, even if he had not received a response from counsel.

Second, there is no futility exception to the requirement that the moving party at least *attempt* to confer. *See* Fed. R. Civ. P. 37. Johnson's *pro se* status does not excuse his noncompliance with court procedural rules and orders. *Kelly v. Old Dominion Freight Line, Inc.* 376 F. App'x

Page 4 of 9

909, 914 (11th Cir. 2010) (plaintiff's *pro se* status did not excuse his failure to confer with opposing counsel before filing motion to compel (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993))).

Johnson's failure to comply with Rule 37(a)(1) is a sufficient basis in itself to deny his motion to compel.

## B.   Johnson's Motion to Compel Lacks Merit

Johnson's motion to compel also lacks merit. Because Cox has answered Interrogatory No. 16, there no longer is a dispute concerning that discovery request.

### 1.   *Cox Is Not Required to Produce Grievances/Complaints Filed by Others*

Johnson's motion to compel Cox to produce grievances and complaints filed by others is denied for the reasons stated in Cox's response, Doc. 91 ¶¶ 6, 7. As a preliminary matter, Johnson offers nothing that would support a finding that other grievances and complaints exist.

Even if other grievances or complaints existed, Johnson has not explained sufficiently how they are relevant to his individual claim of medical deliberate indifference. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may

obtain discovery regarding any nonprivileged matter *that is relevant* to any party's claim or defense[.]"); *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir.2006) ("[T]he discovery rules do not permit [a party] to go on a fishing expedition."); *Maldonado v. Unnamed Defendant*, 648 F. App'x 939, 957 (11th Cir. 2016) (denying prisoner-plaintiff's motion to compel production of grievances filed by other inmates against officer-defendants; motion "largely contain[ed] broad requests for information about incidents involving other inmates, which were not relevant to [plaintiff's] individual retaliation and deliberate-indifference claims" against defendants); *Miles v. Jackson*, 757 F. App'x 828, 830 n.1 (11th Cir. 2018) (denying prisoner-plaintiff's motion to compel production of grievances filed by other inmates against officer-defendants because there was no evidence that other prisoners had filed grievances against officers); *Corines v. Broward Cnty. Sheriff's Dep't*, 326 F. App'x 493, 497-98 (11th Cir. 2009) (denying motion to compel because plaintiff only speculated that other relevant documents existed, and plaintiff did not explain the relevance of the supposed documents or how they would lead to the discovery of relevant evidence).

Additionally, Johnson has not rebutted Cox's contentions that Cox is not in possession, custody, or control of grievances filed by other individuals, and that it would be unduly burdensome to require Cox to attempt to obtain such records because they are subject to HIPAA protection and because of the manner in which the FDC compiles and stores grievances. *See McBride v. Rivers*, 170 F. App'x 648, 659-60 (11th Cir. 2006) (denying prisoner-plaintiff's motion to compel production of other inmates' grievances and complaints alleging that officer-defendants used excessive force on them; the requests were unduly burdensome due to the manner in which the FDC compiled and stored records (inmate-specific and not officer-specific), and prisoner made only general argument that the evidence would have established defendant's subjective intent); *Freeman v. Sample*, 814 F. App'x 455, 459 (11th Cir. 2020) (denying prisoner-plaintiff's motion to compel because prisoner failed to provide any basis for court to conclude that responsive documents were in defendants' possession but withheld).

## 2.   *Cox Is Not Required to Produce Documents Outlining Treatment Procedures*

Johnson's motion to compel Cox to produce documents outlining the procedures for treating an inmate's complaint of being raped or bleeding from his anus is denied for the reasons stated in Cox's response, Doc. 91 ¶ 8. Cox states that such documents are not in his possession or custody, and Johnson has not established that Cox—who no longer is employed with Centurion and does not work for the FDC—has control over any such documents to be able to produce them.

Additionally, Johnson himself clearly had the ability to subpoena the documents from the records custodians of the FDC and Centurion. *See* Fed. R. Civ. P. 45. The record does not reflect that Johnson made any attempt to obtain the documents from the records custodians themselves. *See Searock v. Stripling*, 736 F.2d 650, 654 (11th Cir. 1984) (defendant was not required to produce documents that were not in his possession, custody, or control; regardless of whether defendant could have obtained them, it was improper to sanction him for not doing so because plaintiff, too, had ability to subpoena the documents from the records custodians); *Siegmund v. Xuelian Bian*, 746 F. App'x 889, 891 (11th Cir. 2018 (denying

plaintiff's motion to compel defendants to produce corporation documents; plaintiff failed to establish that defendants, having previously resigned as directors, retained sufficient control of the documents to be able to produce them).

### III.   CONCLUSION

For the reasons stated above, it is **ORDERED** that:

Plaintiff's motion to compel, Doc. 89, is **DENIED**.

**SO ORDERED** this 13th day of June, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

Page 9 of 9