UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEE M. JOHNSON,

    Plaintiff,

v.                                            Case No.  4:22-cv-306-MW-MJF

SERGEANT PERRY, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Lee M. Johnson, proceeding *pro se* and *in forma pauperis*, has filed a complaint under 42 U.S.C. § 1983. Doc. 1. The undersigned recommends that Johnson's claims against Defendant Sergeant Perry be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for Johnson's failure to timely serve Perry.

## I. Background

### A. Johnson's Claims Against Perry

Here, the undersigned discusses only Johnson's claim against Perry because that is the only claim relevant to this R&R. Johnson is a Florida prisoner currently confined at the Union Correctional Institution. Doc.

86. Johnson commenced this action on August 16, 2022. Doc. 1. Johnson's complaint names three Defendants: Sergeant Perry, Captain Thomas. and Nurse Cox. *Id.* at 2-3 in ECF. Johnson identifies the address for each Defendant as: 110 Melaleuca Drive, Crawfordville, FL 32327, which is the address for the Wakulla Correctional Institution. *Id.*

Johnson's complaint alleges that on June 29, 2022, Perry was deliberately indifferent to Johnson's safety when Perry placed Johnson in a cell with Inmate Campbell despite Johnson telling Perry that Campbell had threatened Johnson in the past and that it "would be a real problem" because Campbell was Muslim and Johnson is "a transgender (gay male)." Doc. 1 at 4, 8 in ECF. Johnson also alleges that on June 29, 2022, Perry sexually harassed/assaulted Johnson by grabbing his right buttock and making a hostile remark about transgender individuals. *Id.* at 4, 8. As relief, Johnson seeks compensatory and punitive damages.

**B.** **The Efforts Made to Serve Defendant Perry**

On December 16, 2022, the undersigned directed the United States Marshals Service ("U.S. Marshal") to effect service of process on Defendant Perry by mailing the required documents to the special

process server at the Wakulla Correctional Institution Annex. Doc. 18. That was the last-known address Johnson provided for Perry. Doc. 1. On January 24, 2023, service of process for Perry was returned unexecuted by the special process server for the stated reason that: "Sergeant Perry is out on FMLA and will not answer calls from the Institute nor return calls." Doc. 23.

Pursuant to a court order, Doc. 24, Assistant General Counsel for the Florida Department of Corrections ("FDC") notified the court that the last known address for Perry was provided in confidence to the U.S. Marshal. Doc. 27; *see also* Doc. 31. On March 6, 2023, the undersigned ordered the U.S. Marshal to attempt to personally serve Perry at the address provided by the FDC. Doc. 28. The U.S. Marshal made three attempts to personally serve Perry—on April 7, 8, and 19, 2023. Doc. 45. These efforts were unsuccessful because: (1) Perry no longer resides at the confidential address provided by the FDC; and (2) although the U.S. Marshal obtained another address for Perry, the Marshal also was unable to locate Perry at that address. Doc. 45.

## C. The Undersigned's Order to Show Cause

On June 6, 2023, the undersigned determined that the U.S. Marshal had been unable to locate Perry despite reasonable effort, and ordered Johnson to show cause on or before July 6, 2023, why his claims against Perry should not be dismissed without prejudice for failure to timely effect service under Rule 4(m). Doc. 50. The order outlined to Johnson the requirements of Rule 4(m), and warned Johnson that it was his responsibility to find a new address for the U.S. Marshal to re-attempt service of process on Perry. Doc. 50.

## D. Johnson Never Responded to the Order to Show Cause

Despite the undersigned affording Johnson *more than one year* to show cause and provide an address for Perry, Johnson has failed to do so. Indeed, Johnson has not responded to the show-cause order; has not requested any additional follow-up efforts by the U.S. Marshal to locate and serve Perry, and has not provided any specific, additional information likely to lead to a service address for Perry.

## II. DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

For litigants proceeding *in forma pauperis*, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). "[T]he failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)." *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1288 (11th Cir. 2009). In the case where the *in forma pauperis* plaintiff is a *pro se* prisoner, the Eleventh Circuit has held:

> It is unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison. Thus, . . . as long as the court-appointed agent can locate the prison-

> guard defendant with reasonable effort, prisoner-litigants who provide enough information to identify the prison-guard defendant have established good cause for Rule 4(m) purposes.

*Richardson v. Johnson*, 598 F.3d 734, 739-40 (11th Cir. 2010).

Even absent a showing of good cause, the district court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 919 (11th Cir. 2020) (internal quotation marks omitted). A possible "other circumstance[ ]" that might warrant an extension of time includes when the statute of limitations would prevent refiling. *Bilal* at 919. A district court's dismissal of a case under Rule 4(m) *without* considering such other circumstances is considered "premature." *Id.* (internal quotation marks omitted)

Here, despite concerted efforts to do so, the U.S. Marshal has been unable to locate Perry. The undersigned made Johnson aware of the U.S. Marshal's inability to effect service, and gave Johnson the opportunity to cure the defect. Johnson has not provided a new service address for Perry, nor has he identified any other specific, reasonable effort the U.S. Marshal could make that likely would produce an address for Perry.

Because Johnson has not served Perry within the time required under Rule 4(m), and because Johnson has not established "good cause" under Rule 4(m) for extending the time for service (nor do any other facts or circumstances warrant an extension of time), Johnson's claims against Perry should be dismissed without prejudice for failure to effect service timely. *See Brown v. Davis*, 656 F. App'x 920, 921 (11th Cir. 2016) (dismissing *in forma pauperis* prisoner's claims against defendant under Rule 4(m) because U.S. Marshal was unable to serve defendant at address provided by prisoner; prisoner was on notice that defendant had not been served, and prisoner did not remedy the service defect); *Smith v. Belle*, 321 F. App'x 838, 845 (11th Cir. 2009) (dismissing *in forma pauperis* prisoner's claims against defendant under Rule 4(m) because prisoner failed to provide current address for defendant despite being warned that failure to do so would result in dismissal).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiff's claims against Defendant Perry be

**DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 4(m), for Plaintiff's failure to timely serve Perry.

At Panama City, Florida, this 21st day of June, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**