IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**LEE M. JOHNSON,**

    *Plaintiff*,

v.                                                                        Case No.: 4:22cv306-MW/MJF

**SERGEANT PERRY, et al.,**

    *Defendants*.

_____/

## ORDER ACCEPTING AND ADOPTING
## REPORT AND RECOMMENDATION

    This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 93, as well as Plaintiff's objections, ECF No. 94. The Magistrate Judge Recommends that Plaintiff's claim against one Defendant—Sergeant Perry—be dismissed under Federal Rule of Civil Procedure Rule 4(m) because Plaintiff failed to timely serve him. ECF No. 93 at 7. While the U.S. Marshal bears the initial responsibility for serving Defendant Perry under 28 U.S.C. § 1915(d) because Plaintiff is proceeding in forma pauperis, Plaintiff still bears the ultimate burden of effecting service if the Marshal exercises reasonable diligence without success. *See Richardson v. Johnson*, 598 F.3d 734, 739–40 (11th Cir. 2010).

    Here, Plaintiff is ultimately at fault for failing to timely serve Defendant Sergeant Perry within Rule 4(m)'s deadline. As the Magistrate Judge explained, the

U.S. Marshal reasonably attempted to serve Defendant Sergeant Perry without success. ECF No. 93 at 6. On June 6, 2023, this Court informed Plaintiff of this failure and warned that unless "Plaintiff can provide specific information leading to a service address for Perry, his claims against Perry will be dismissed without prejudice under Rule 4(m)." ECF No. 50 at 2.[1] For more than a year, Plaintiff failed to provide any more specific information or make any attempt to assist the U.S. Marshal in serving Defendant Sergeant Perry. On these facts, Plaintiff has not shown good cause for this Court to extend his Rule 4(m) deadline to serve Defendant Sergeant Perry. *See Smith v. Belle*, 321 F. App'x 838, 845 (11th Cir. 2009) (holding district court did not abuse discretion in dismissing *pro se* prisoner's case under Rule 4(m) where, despite prisoner's in forma pauperis status, prisoner failed to comply with order to provide updated address for defendant following U.S. Marshal's unsuccessful efforts to effect service).

Even absent a showing of good cause, this Court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *See Bilal v. Geo Care, LLC*, 981 F.3d 903, 919 (11th Cir. 2020) (internal quotation marks omitted). No such facts exist here. The relevant statute of limitations would

---

[1] This Court notes that this order, ECF No. 50, was initially returned as undeliverable and, shortly after its issuance, Plaintiff filed a notice of a change in address. This Court then sent out another copy of ECF No. 50 to Plaintiff at his updated address, which was not returned as undeliverable.

not prevent Plaintiff from refiling his claim against Defendant Sergeant Perry. *Compare* ECF No. 1 at 8 (alleging that Defendant Sergeant Perry violated Plaintiff's constitutional rights starting on June 29, 2022) *with City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years."). In his objections, Plaintiff emphasizes the fact that he's an indigent prisoner proceeding *pro se* here, leaving him with limited resources to locate Defendant Sergeant Perry. This Court is sympathetic to Plaintiff's limited research capabilities given his incarceration. It does not explain, however, why Plaintiff ignored this Court's warning that unless he attempted to aid the U.S. Marshals in serving Defendant Sergeant Perry after their reasonable efforts failed, his claims against that Defendant would be dismissed. Plaintiff's attempt at identifying potential leads on Defendant Sergeant Perry's location *in his objection* only highlights his failure to do so *for the past year*.

In plain terms, Plaintiff ignored this Court's order to aid the U.S. Marshals in serving Defendant Sergeant Perry after their reasonable efforts to do so failed. In the meantime, the rest of this case continued on. In his objection, Plaintiff has finally come forward with some information that may be helpful in tracking down Defendant Sergeant Perry. *See* ECF No. at 94. But this information comes over a year after this Court ordered him to help with service—without any explanation from

3

Plaintiff justifying the delay. Plaintiff has responded to other orders in the meantime, and he makes no allegation here that he did not receive this Court's order explaining his obligation to assist the U.S. Marshal in serving Defendant Sergeant Perry. Dismissal under Rule 4(m) is warranted.[2] Accordingly,

**IT IS ORDERED**:

1. Plaintiff's claims against Defendant Perry are **DISMISSED without prejudice** under Rule 4(m).

2. This Court *does not* direct entry of partial judgment on the issues decided in this Order under Rule 54(b).

3. This case is **REMANDED** back to the Magistrate Judge for further proceedings.

**SO ORDERED on July 9, 2024.**

                                                                               s/Mark E. Walker
                                                                               **Chief United States District Judge**

---

[2] This Court pauses to note that Plaintiff is free to refile his claims against Defendant Sergeant Perry in a separate suit within the applicable statute of limitations.